### In re GEORGE E. BURT, *Insolvent.*

Argued by appellant, submitted on brief by respondent Jan. 29, 1894. Affirmed Feb. 1, 1894.

No. 8458.

**Contempt of court, punishment of.**

Where the assignor in insolvency proceedings is, upon a due hearing, examination, and disclosure, found to be the owner and in possession of $3,000, which he neglects and refuses to turn over to the assignee in conformity with the order of the court, whereby he is by the court adjudged guilty of contempt, the court has power and authority to punish him by imprisonment in the county jail for such contempt; and this does not constitute imprisonment for debt, nor contravene the State Constitution, Art. 1, § 12, providing that "no person shall be imprisoned for debt in this state."

Appeal by George E. Burt, insolvent, from an order and judgment of the District Court of Hennepin County, *Frederick Hooker,*

J., made February 27, 1893, adjudging him in contempt for not paying to his assignee $3,000 found by the court to be in his hands and ordering him imprisoned therefor, until he should pay over the same, not exceeding six months. The discussion here was mainly upon the facts.

*J. L. Dobbin,* for appellant, cited *In re Blair,* 4 Wis. 522; *Register* v. *State ex rel.,* 8 Minn. 214; *Ex parte Thurmond,* 1 Bailey, 605.

*Penney & Hayne,* for creditors, cited *Ryan* v. *Kingsbery,* 88 Ga. 361; *In re Salkey,* 6 Biss. 269; *State ex rel.* v. *Becht,* 23 Minn. 411.

BUCK, J. On the 3d day of February, 1893, the appellant, George E. Burt, made an assignment of his property to Gustavius A. Castle, as assignee, under the insolvency laws of this state; and on the 13th day of February, 1893, Burt made and filed in the office of the clerk of the District Court of Hennepin county a schedule of his assets and liabilities in form as required by law. On the 15th day of February, 1893, several of Burt's creditors filed a petition with the Judge of said District Court, alleging that said Burt had not filed with said clerk a true, full, and complete inventory of his property and effects not exempt by law from execution, and that the said schedule of assets and affidavit was false and untrue, in this: That the said schedule of assets did not contain a statement of all of the property and effects of said insolvent; that said Burt, at the time of said assignment, was the owner and in possession of a large sum of money, viz. about $8,000, which he did not turn over to the assignee. And they prayed that Burt and the assignee, Castle, be required to appear before the court at a time and place to be designated, and make answer and full disclosure concerning said property. The court made such order, and Burt appeared and testified in regard to said matters, and other evidence was duly given upon the subject-matter, both for and against said Burt. At the close of said hearing the court found that said Burt, at the time of said assignment, had in his possession, and belonging to him, the sum of $3,000, which he had withheld and failed to turn over to his said assignee, with intent to cheat and defraud his creditors, and that he had such sum at the time of

said hearing; and therefore said court, on the 15th day of February, 1893, ordered said Burt at once to turn over to said assignee the said sum of $3,000, which said Burt neglected and refused to do. Thereupon, further proceedings were duly had in the premises in said court, and the court made the following order:

"Now, therefore, it is ordered and adjudged that the said George E. Burt is in contempt of this court, in having failed to comply with said order requiring him to pay said sum of $3,000, and it is therefore ordered that the said George E. Burt be imprisoned in the county jail of Hennepin county, in said state of Minnesota, until he shall pay the said sum of $3,000, as directed by said order, not exceeding six months.                    Frederick Hooker, Judge.

"February 27, 1893."

Judgment was duly entered upon this order, and Burt appealed to this court. It is assigned as one of the errors that the evidence does not justify the finding, order, and judgment of the court below. We are of the opinion that the finding and judgment of the court below were fully justified by the evidence. If Burt was not the main instigator and mover in this scheme to cheat and defraud his creditors, he was at least cognizant of the principal acts which constitute a palpable fraud and swindle upon them. It would be an intolerable weakness of the law if there was not some way to reach this class of men, who prey upon the credit of the community, and then, when caught in their nefarious schemes, appeal to the technicalities of the law, or the sympathy of those who administer it. Fortunately for the due administration of the law, and as a warning against swindling commercial ventures, the party has not escaped that justice which the evidence clearly indicates that he deserves. The victims of commercial dishonesty may congratulate themselves that one of those who prey upon other people's property and labor has received the penalty of the law.

There is nothing in the assignment of error that he is imprisoned for debt. He is not imprisoned because he cannot or will not pay a debt which he owes. The court found that he had a specific sum of money which belonged to his creditors, and should have been turned over to the assignee for their benefit in pursuance of the order and judicial determination of the court, and which order he refused to obey. This refusal was a contempt of court, and pun-

ishable as such by imprisonment. After a hearing and judicial determination of this kind, parties must obey the orders and judgment of the courts, or suffer the punishment imposed by law. The court is not collecting debts, but punishing contempt of its judicial authority. The result may be that more property will be secured for the creditor, or longer imprisonment for the debtor, but this does not constitute imprisonment for debt. *State* v. *Becht,* 23 Minn. 1. When an insolvent debtor has taken the initiative under the insolvent law, and seeks its benefit by making an assignment, in the expectation that he may be released from his debts, and he swears that he has assigned all of his property, and turned it over to the assignee, when in fact he has not done so, it is not depriving him of his property or liberty without due process of law to compel him to disclose what other property, if any, he has concealed, and, in default of his doing so, punish him for contempt of court. If the assignor can in such cases defy the law and the courts, he can retain large sums of money after making a fraudulent assignment, and the insolvent law will become an instrument for the perpetration of fraud and swindling, instead of one intended for the equal protection of all. The insolvent law of this state has been of great practical benefit; and while the sharp practitioner, with unusual facilities for the collection of debts, and for obtaining the earliest information in regard to insolvent debtors, may criticise or find fault with some of its provisions because he is not enabled to grasp and secure all the assets which such debtor has, and thus exclude other meritorious creditors from securing a *pro rata* share in the assets, yet the law, properly and justly administered, stands as a barrier between the oppressive creditor and the unfortunate debtor. It should not, however, be construed in favor of a fraudulent debtor, so as to enable him to retain large sums of money or unexempt property interests which properly belong to his creditors. Nor, on the other hand, should it be permitted to become an instrument of oppression against the unfortunate debtor.

All of these matters can properly be adjusted in the judicial tribunals, and, as we are of the opinion that the order and judgment appealed from were correct, they are affirmed.

(Opinion published 57 N. W. Rep. 940.)