CHARLES M. WILKINSON *vs.* H. C. AKELEY LUMBER Co.

Submitted on briefs Jan. 4, 1894. Affirmed Feb. 1, 1894.

No. 8570.

**Contract construed.**

Contract in this case construed as not authorizing the vendee to sell the property therein described, either in its original or changed form, and apply the proceeds to its own use, without paying the purchase money to the vendor.

**Title retained by the vendor.**

*Held,* further, that the provisions of the contract are entirely consistent with the construction that the title to the boxes manufactured out of the lumber was to remain in the vendor, and that the proceeds of the boxes when sold were to be applied in payment of the lumber out of which the boxes were made.

Appeal by plaintiff, Charles M. Wilkinson, from an order of the District Court of Hennepin County, *Robert D. Russell,* J., made September 16, 1893, denying his motion for judgment on the referee's report, and also from an order made the same day denying his motion for a new trial.

The referee, Charles A. Willard, filed with his report a memorandum in which he said:

In order to protect its interests as against the claims of third parties, it was not necessary for the defendant, in addition to filing the contract, to file also, at the furnishing of each carload under it, a memorandum of the lumber furnished. Filing the contract was, under the circumstances a compliance with 1878 G. S. ch. 39, §§ 15, 16. But the contract was good without filing, as between the parties and as to subsequent purchasers and mortgagees with notice. It was also good as to creditors with notice. *Dyer* v. *Thorstad,* 35 Minn. 534. The burden of showing want of notice, was on the creditors. *McNeil* v. *Finnegan,* 33 Minn. 375; *Newton* v. *Newton,* 46 Minn. 33. These cases are not overruled by *Thomas Mfg. Co.* v. *Foote,* 46 Minn. 240; *Baker* v. *Pottle,* 48 Minn. 479. It does not clearly appear from the face of this contract, that by its terms it

authorized the vendee to dispose of the property as its own, without satisfaction of the debt. *Bannon* v. *Bowler*, 34 Minn. 416.

*Ripley, Brennan & Booth,* for appellant.

The contract between the parties is void on its face, for two reasons. *First,* it describes no property. *Second,* it allows the purchaser, the Minneapolis Box & Lumber Co. to use and dispose of the lumber in the usual course of business without an accounting. If not void on its face, it is void when taken in connection with the usual course of business of the Box Company, as shown by the evidence, and the expectations of the seller and purchaser in regard to the disposition that was to be made of the lumber covered by it. *Gallagher* v. *Rosenfield,* 47 Minn. 507; *Chophard* v. *Bayard,* 4 Minn. 533; *Horton* v. *Williams,* 21 Minn. 187; *First Nat. Bank* v. *Anderson,* 24 Minn. 435; *Stein* v. *Munch,* 24 Minn. 390; *Gere* v. *Murray,* 6 Minn. 305; *Mann* v. *Flower,* 25 Minn. 500.

It appears on the face of the contract that the purchaser had the right to use and dispose of the lumber in the usual course of business and without an accounting. It appears from the nature of the business and the understanding of the parties, that such a course was contemplated. It was void as to creditors. As to them the title vested absolutely in the purchaser. *Ludden* v. *Hazen,* 31 Barb. 650; *Winchester Wagon Works* v. *Carman,* 109 Ind. 31; *Griswold* v. *Sheldon,* 4 N. Y. 581; *Lodge* v. *Samuels,* 50 Mo. 204; *Freeman* v. *Rawson,* 5 Ohio St. 1; *New Albany Ins. Co.* v. *Wilcoxson,* 21 Ind. 355.

The contract was void on the ground that it described no property. It was merely an agreement to sell and buy in the future, in case the parties could agree to do so. No definite quantity of lumber was agreed upon and no price mentioned. Neither party could have enforced it. *Shepard* v. *Carpenter,* 54 Minn. 153; *Bailey* v. *Austrian,* 19 Minn. 535.

In *McNeil* v. *Finnegan,* 33 Minn. 375, and *Newton* v. *Newton,* 46 Minn. 33, the court held that the burden of proof was on the creditor to show want of notice, but in *Thomas Mfg. Co.* v. *Foote,* 46 Minn. 240, the rule of the above cases was, we think, reversed. *Baker* v. *Pottle,* 48 Minn. 479.

*James A. Kellogg,* for respondent.

Contracts like the one in question are valid. *Minneapolis Harvester Works* v. *Hally,* 27 Minn. 495; *C. Aultman & Co.* v. *Olson,* 43 Minn. 409; *Dyer* v. *Thorstad,* 35 Minn. 534; *Cole* v. *Mann,* 63 N. Y. 1; *Frank* v. *Batten,* 49 Hun 91; *Marquette Mfg. Co.* v. *Jeffery,* 49 Mich. 283; *Ballard* v. *Burgett,* 40 N. Y. 314; *Head* v. *Miller,* 45 Minn. 446.

BUCK, J.   On the 30th day of June, 1891, the Minneapolis Box & Lumber Company was insolvent, and assigned its property to this plaintiff, who duly qualified, and entered upon the discharge of his duties.   The plaintiff, as such assignee, brought this action to recover the value of certain lumber of which he claimed to be the owner, and which he alleged the defendant had converted to its own use.   The action was by consent of the respective parties referred to a referee to hear and determine the same and pass upon all of the issues of law and fact therein, and to report a judgment thereon.   The referee decided in favor of the defendant, and that plaintiff take nothing by this action, and that defendant recover its costs.

The plaintiff appeals from the order denying a motion for a new trial, and from an order denying his motion for judgment in his favor on the report of the referee.   The contract in controversy is as follows:

"This agreement, made and entered into this 25th day of August, 1890, by and between the H. C. Akeley Lumber Co., of Minneapolis, Minn., a corporation, first party, and the Minneapolis Box & Lumber Co., of the same place, a corporation, second party, witnesseth:   The first party agrees to sell the second party lumber in such quantities and at such prices as may be agreed upon from time to time by both parties, upon the usual terms of payment,— sixty days, or three per cent. off for cash within ten days,—and will load said lumber on cars at the mill of the first party in Minneapolis.   The second party agrees to buy the lumber of the first party as above stated; to pay all switching charges, freight, and rent of cars; to receive and pile said lumber, and insure the same, with loss, if any, payable to the first party; and, if any of such

lumber is not paid for within sixty days from date of loading, to pay interest at the rate of eight per cent. on all sums not paid within sixty days from date of invoice of same. It is mutually agreed that said lumber shall be shipped to the yard of the second party in Hennepin county, and shall remain the property of the first party until paid for by the second party. Second party is authorized to use any of such lumber in the manufacture of boxes until notified by the first party to the contrary. Any payment made on said lumber shall apply first on lumber made into boxes. The Minneapolis Box & Lumber Co., by L. V. Kinyon, Pres't., E. V. Hayden, Treas. H. C. Akeley Lumber Co., by H. C. Akeley, Pres't."

The facts found by the referee are as follows: "The Minneapolis Box & Lumber Company was then, and until the 30th day of June, 1891, continued to be, engaged in the manufacture of boxes at its works in the village of St. Louis Park, in Hennepin county, Minnesota. After the making of this contract, and prior to the 1st day of January, 1891, the defendant furnished to the Box & Lumber Company, at its request, in accordance with the terms of said contract, a large amount of green lumber, which was piled upon the grounds occupied by the Box & Lumber Company at St. Louis Park, and kept separate, until used, from other lumber of the Box & Lumber Company. This lumber was not fit for use in the manufacture of boxes in its green condition. About three month's seasoning from the time of shipment was required for it before it could be so used. From the time the contract was made until some time in the spring of 1891, and prior to May 13, 1891, none of this lumber was used by the Box & Lumber Company in the manufacture of boxes or otherwise, before it was paid for. Some time in the spring of 1891, and prior to May 13, 1891, the Box & Lumber Company was allowed by the defendant to use the lumber in the manufacture of boxes, without first paying for it; but all such boxes were sold and shipped in the name of the defendant, and the defendant collected the price thereof, and gave the Box & Lumber Company credit for such collections. The usual course of business of the Box & Lumber Company during all this time was to ship and sell boxes as fast as they were made. The defendant, when it made the contract, knew this. This contract was duly filed in the office of the village recorder of the said village of St. Louis Park on

December 6, 1890. The plant of the Box & Lumber Company was in this village, and its lumber, including this green lumber, was there. On the 1st day of July, 1891, there were, of the lumber furnished by the defendant to the Box & Lumber Company under said contract, three hundred and seventeen thousand two hundred and seventeen feet on the grounds of the Box & Lumber Company at St. Louis Park. In the month of July, 1891, the plaintiff, as such assignee, took possession of this lumber. On the 11th day of August, 1891, the defendant took this lumber from the possession of the plaintiff as such assignee, and converted it to its own use. The value of this lumber so converted was, on August 11, 1891, at St. Louis Park, the sum of nineteen hundred and three dollars and thirty cents."

The contract, which contained all the description of the property which the case admitted of, was duly filed in the office of the village recorder of St. Louis Park where the lumber was situated. This was a compliance with 1878 G. S. ch. 39, §§ 15, 16.

We are of the opinion that the contract did not authorize the vendee to sell or dispose of the property, either in its original or changed form, and apply the proceeds to its own use, without paying the purchase money; and there is nothing in the evidence requiring a finding that such was the agreement of the parties.

The provisions of the contract are entirely consistent with the construction that the title to the boxes manufactured out of the lumber was to remain in the vendor, and that the proceeds of the boxes when sold were to be applied in payment of the lumber out of which the boxes were made.

The order appealed from is affirmed.

(Opinion published 57 N. W. Rep. 940.)