STATE ex rel. FRED B. PHILLIPS v. DISTRICT COURT OF REDWOOD COUNTY.[1]

May 18, 1906.

Nos. 14,755—(21).

**Violation of Injunction—Contempt.**

An action was commenced by the representatives of relator to have a deed to certain premises declared to be a mortgage. The action was decided adversely to the plaintiffs and judgment was finally entered therein May 11, 1904, whereupon plaintiffs in that action made application for a new trial upon the theory that it was in the nature of an action in ejectment for possession of the land, and final determination therein was reached adversely to them October 20, 1905. While such action was pending, defendant in that action sued for possession of the premises and subsequently commenced another action to enjoin plaintiffs in the original action, who were in possession of the land from trespassing thereon, and from interfering with his control and management thereof. Coincident with the commencement of the latter action an interlocutory injunction was issued against the relator's representatives, enjoining them from trespassing upon the land and from in any way injuring, cutting, or carrying away any of the crops, and from hindering and interfering with plaintiff in his use of the land. It was claimed by plaintiff that relator violated the terms of the writ, and proceedings were taken before the district court to have him adjudged in contempt of court, and upon such hearing the court found and adjudged that the relator wilfully violated the writ by trespassing upon the land and converting and carrying away the crops thereon and interfering with plaintiff in his use of the premises and the grain. A fine of $250 was imposed, with imprisonment in the county jail not exceeding six months in case of default in payment of the fine. *Held:*

1. That the court had jurisdiction of the subject-matter and of the parties, and did not exceed its jurisdiction or authority in issuing the interlocutory injunction.

2. The writ of injunction was valid in so far as it enjoined the representatives of the relator, and all persons acting under them, from cutting and carrying away the crops upon the premises, and the fact that the writ enjoined such parties from trespassing upon the land and maintaining possession thereof, did not make it invalid.

[1] Reported in 107 N. W. 963.

3. The court having found that the violation of the writ resulted in extra loss and injury to plaintiff, and was prejudicial to his rights, the fine imposed, and the conditional imprisonment, were not in excess of the authority conferred by the statute. Such fine and imprisonment in cases of contempt are not in contravention of the constitutional provision which prohibits excessive fines, and cruel and unusual punishment.

Writ of certiorari issued from the supreme court upon relation of Fred B. Phillips, to review a judgment of the district court for Redwood county entered pursuant to the findings and order of Webber, J., whereby relator was adjudged guilty of contempt and sentenced to pay a fine of $250 or in default thereof to imprisonment for six months in the county jail. Writ discharged.

*Fred B. Phillips,* pro se.

*Somerville & Olsen,* for respondent.

LEWIS, J.

In 1901 an action was commenced by Jane A. Philips, R. D. Philips, and C. W. Philips against Hans Mo and others to have a deed to certain land in Redwood county declared to be a mortgage. The trial resulted in favor of defendants and was affirmed by this court (91 Minn. 311, 97 N. W. 969) and May 11, 1904, judgment was entered in the district court. Application was then made by plaintiffs for a second trial upon the theory that the action was for possession, and the same having been denied, the decision was affirmed by this court October 20, 1905. In July, 1904, Mr. Mo commenced an action against J. A. Philips and others in the municipal court of Redwood Falls, afterwards transferred to the district court, to recover possession of the land. While that action was pending, on July 31, 1905, Mr. Mo commenced another action against J. A. Philips and others to enjoin them from trespassing upon the land, and from in any manner injuring, cutting, or carrying away any of the crops, and from hindering or interfering with the plaintiff in his use of the land, and upon order of the court commissioner of Redwood county procured a temporary injunction restraining and enjoining defendants, and all persons acting under them, from trespassing upon the land in question, and from in any manner injuring, cutting, or carrying away any of the crops, and from in any way hindering and interfering with plaintiff in his use of the land, and in

his harvesting and use of the crops sown by him and grown thereon.

The writ was served upon C. W. Philips September 5, and upon his brother Fred B. Phillips, the relator, September 13, 1905, who at the time were upon and in possession of the premises. Thereafter, it being claimed that the relator violated the terms of the writ, an order was issued by the judge of the district court of Redwood county, of date October 30, 1905, requiring the relator to show cause before the court, on November 18 following, why he should not be punished for contempt in violating the process of the court. The matter came on for hearing and the court found as facts that on September 13 and 14, 1905, after the service of the temporary injunction upon him, and with full knowledge thereof, the relator did wilfully violate the writ,

> By trespassing upon the land and premises * * * and carrying away crops therefrom, and by hindering plaintiff in his use of the premises, and by depriving the plaintiff of the grain in question, and of the use thereof, and said F. B. Phillips did then and there wilfully trespass upon the premises mentioned, * * * and did wilfully take possession of the plaintiff's grain on said premises and attempt to convert and carry away a part of said grain, and did then and there prevent and hinder and interfere with plaintiff in his use of said premises and in his use of said grain.

The court further found that the relator acted under the defendants, and as their servant and agent in violating the injunction, and also that such conduct resulted in actual loss and injury to the plaintiff and was prejudicial to his rights. The judgment of the court was that the relator be fined $250, and in default of payment be imprisoned in the county jail of Redwood county until such fine should be paid, but not exceeding six months.

The matter is brought here for review by writ of certiorari, and relator contends that the writ was void because the court had no jurisdiction of the subject-matter of the action, nor of relator; that the fine and imprisonment imposed were prohibited by section 6156, G. S. 1894, and consequently the court was without jurisdiction, and that the fine imposed was excessive, not justified by the evidence, and in direct

violation of the constitution, which prohibits excessive fines and cruel and unusual punishment.

It does not appear from the record that as a result of the litigation over the title, Mo had succeeded in obtaining possession of the premises. Although on May 11, 1904, judgment was entered declaring Mo owner of the land, there is nothing to show that he had obtained possession under that judgment.

In the complaint upon which the temporary writ of injunction was issued, it is alleged that Mo was the owner of the land; that during the fall of 1904 he plowed a considerable tract, and in the spring of 1905 seeded about two hundred twenty acres, which became a crop; that the Philipses were trespassing upon the land and interfering with the crop and threatened to carry it away, and to commit other acts of damage upon the premises. Taking the most favorable view for relator, that the right of possession was still in dispute and that the Philipses were acting in good faith in maintaining possession, it does not follow that they had the right to harvest and remove the crop. The district court had jurisdiction to determine the right of possession during that interval, and the possessory action and injunction suit were brought for that purpose, and if the court had jurisdiction of the subject-matter of the action, then the court was within its powers in ordering the temporary injunction, at least in so far as it prohibited the Philips family, and their representatives, from cutting and removing the crops. It is the general rule that the court having jurisdiction of the subject-matter and the parties, the fact that an injunction is erroneously issued affords no justification for the violation thereof. State v. Jamison, 69 Minn. 427, 72 N. W. 451; 2 High, Inj. §§ 1416, 1417.

If the preliminary injunction had simply prohibited the parties from trespassing upon the land, a different question would have been presented. It was held in People v. Simonson, 10 Mich. 335, that the court had no authority to dispossess a party by an interlocutory injunction when the very object of the action was to secure possession of the premises, that such a writ was void and that the relator was not guilty of contempt in maintaining possession by force. See also Com. v. Perkins (Pa.) 16 Atl. 525, 2 L. R. A. 223. We need not here consider the correctness of these decisions.

In this case the writ was not confined to prohibiting the parties from trespassing upon the land, but specifically enjoined them from cutting and carrying away the crop, and to that extent the court was acting within its jurisdiction and powers. If there was a dispute over the right of possession and to the title to the crop, the court acquired authority to take such action as might be necessary to preserve the property until the final determination of the action. It does not follow that because the court exceeded its powers in requiring the relator, and his principals, to surrender possession of the premises that the writ was entirely void. That portion of the writ prohibiting the cutting and carrying away of the crop was not dependent upon the other restrictions as to trespass, was easily understood and might have been readily complied with. The fact that an injunction is too broad in its terms and covers property over which it should not extend, affords no excuse for its violation. 2 High, Inj. (4th Ed.) § 1417. The writ in this case was not so indefinite and uncertain as to be absolutely void.

The court found that the violation of the writ of injunction by the relator resulted in extra loss and injury to Mr. Mo, and was prejudicial to his rights. The evidence supports the finding to the extent that the relator attempted to remove the crop after knowledge of the service of the writ, and he was therefore not in a position to claim that the court exceeded its jurisdiction in imposing a fine in excess of $50, and imprisonment if not paid. The fine imposed was $250, the full limit permissible under section 6166, G. S. 1894. Considering the nature of the case, and the fact that the relator may have been acting in good faith in maintaining possession until the final determination of the application for a second trial, the sentence imposed would seem to be severe. We have no hesitancy, however, in holding that the statute in question was within the reasonable powers of the legislature, and that the sentence permissible in such cases is not in violation of the constitution, which prohibits excessive fines and cruel and unusual punishments.

Writ discharged.