## HERMAN WILKINS v. JOSIAH F. COREY.[1]

July 1, 1927.

No. 26,176.

**Pending decision on his appeal judgment debtor is not in contempt for failure to execute conveyance ordered by court.**

1. Where a judgment debtor appeals from an order in supplementary proceedings appointing a receiver and directing him to convey property to the receiver, and gives a supersedeas bond, the appeal suspends the mandatory provisions of the order, and he is not in contempt for failing to make the conveyance during the pendency of the appeal.

**But his failure to comply with order after filing of remittitur was contempt.**

2. Failure to comply with the order after the judgment affirming it had been remitted to the lower court constituted a contempt.

[1]Reported in 214 N. W. 776.

**Facts given in opinion permitted court to purge him of his contempt.**

   3. It was within the discretion of the court to purge defendant of contempt on the facts disclosed, and it did so in effect.

Appeal and Error, 3 C. J. p. 1315 n. 32.
Contempt, 13 C. J. p. 16 n. 41; p. 94 n. 66 New.
Executions, 23 C. J. p. 894 n. 51; p. 896 n. 81.

Plaintiff appealed from an order and a judgment of the district court for Washington county, Stolberg, J., adjudging defendant not guilty of contempt. Affirmed.

*George L. Spangler,* for appellant.

*Harry A. Hageman* and *Rollin G. Johnson,* for respondent.

TAYLOR, C.

This is a proceeding to have defendant adjudged guilty of contempt in failing to obey an order of the district court directing him to convey certain unexempt property to a receiver appointed in proceedings supplementary to an execution.

It may aid in understanding the situation to state the proceedings in chronological order. On June 13, 1925, a judgment for the sum of $336.32 was rendered and docketed in favor of plaintiff and against defendant. On July 9, 1925, an execution issued on this judgment was returned wholly unsatisfied. On July 31, 1925, an order was served on defendant requiring him to appear and testify concerning his property and forbidding him from disposing of any of his nonexempt property until the further order of the court. As a result of this examination, the court, on November 28, 1925, made an order appointing a receiver of defendant's nonexempt property, and directing defendant to convey certain specified property to the receiver by executing a quitclaim deed and a bill of sale attached to the order. This order was served on defendant on December 8, 1925; and on December 12, 1925, the receiver presented the deed and bill of sale to defendant and demanded that he execute them, which he refused to do. On December 31, 1925, defendant appealed from the order to this court and gave a supersedeas bond. On July 2, 1926, the order was affirmed by this court, and on July 20,

1926, the mandate of this court was filed with the clerk of the district court. On August 21, 1926, an order was served on defendant requiring him to show cause on August 31, 1926, why he should not be adjudged in contempt for failing to obey the order of November 28, 1925. A hearing was had pursuant to this order at which both parties introduced testimony, and on October 13, 1926, the court made ten separately numbered findings of fact and as a conclusion of law therefrom found that defendant was not guilty of contempt, and directed that judgment be entered accordingly. Plaintiff caused judgment to be entered in accordance with the order and appealed from both the judgment and the order.

Plaintiff contends that the findings of fact made by the court conclusively establish that defendant was guilty of contempt.

In addition to the facts previously recited, these findings state that the real estate directed to be conveyed by quitclaim deed to the receiver was subject to a mortgage of $65,000; that this mortgage was foreclosed on June 6, 1926, and the property bid in for the sum of $35,000; that the receiver had been deprived of the use of the land during the year 1926; that the rental value of it for that year was the sum of $1,000; that during the winter of 1925 and 1926 defendant had removed and sold timber from the land of the value of $150; that at the hearing defendant had offered to execute the deed and bill of sale; and that after the hearing defendant did execute them and file them with the clerk of the court. Although not mentioned in the findings, defendant was adjudged a bankrupt on his voluntary petition on August 21, 1926.

Plaintiff contends that the findings establish that defendant was in contempt at all times after his refusal to execute the conveyances as required by the order of November 28, 1925, and that the appeal from that order did not absolve him from the contempt, but merely suspended the power of the court to punish him therefor.

Defendant had the right to appeal from the order appointing the receiver; and having appealed and given a supersedeas bond, the mandatory provisions of the order were suspended and his refusal, during the pendency of the appeal, to execute the conveyance

commanded by the order did not constitute a contempt. See State ex rel. v. Superior Court, 39 Wash. 115, 80 P. 1108, 1 L.R.A.(N.S.) 554, 109 A. S. R. 862, and cases cited in the opinion and in the note following the report of the case in Ann. Cas. But when the appeal was determined and the mandate from this court was filed in the lower court, it became his duty to comply with the order and his failure to do so constituted a contempt. While the court's statement that he was not guilty of contempt is inaccurate, it was evidently based on the fact that defendant had complied with the order by executing the conveyance, and may be given effect as purging him of the contempt. The restraining order originally issued was not continued in the order appointing the receiver and therefore is not involved in this proceeding. People ex rel. v. Randall, 73 N. Y. 416.

The appeal deprived plaintiff of the right to satisfy his claim out of the rentals for the season of 1926, but he is protected by the bond. It is doubtful if the execution of the conveyances at any time after the appeal was determined would have been of any substantial benefit to plaintiff, for the time to redeem from the foreclosure sale would expire before another crop could be raised, and the crop of 1926 was doubtless beyond his reach. Although the execution of the conveyances was unduly delayed, and they were probably of no effect after they were executed, or at least of no benefit to plaintiff, yet, as plaintiff was secured by a bond, we think it was within the discretion of the trial court to purge defendant of the contempt. The judgment is affirmed, but without statutory costs.