## AGNES J. WENGER v. HARRY S. WENGER.[1]

July 9, 1937.

Nos. 31,250, 31,251.

*Jenswold & Dahle,* for appellant.

*Warner E. Whipple* and *George W. Atmore, Jr.,* for respondent.

PETERSON, JUSTICE.

Defendant was adjudged guilty of contempt of court and sentenced to pay a fine of $250 and to be confined on the county farm

[1]Reported in 274 N. W. 517.

for a period of six months unless he pay $5,000 due to plaintiff under the judgment of divorce rendered in this action.

■ The order finding defendant guilty of contempt and imposing the sentence was made a little over seven months after the matter was submitted to the court for decision. It is now claimed that the order is void because not made within five months after submission as required by 2 Mason Minn. St. 1927, § 9311, which provides: "All questions of fact and law, and all motions and matters submitted to a judge for his decision, shall be disposed of and his decision filed with the clerk within five months after such submission, unless sickness or casualty shall prevent, or the time be extended by written consent of the parties." Sickness or casualty did not prevent the filing of the decision, and the time for so doing was not extended by the parties. The matter was heard on April 1, 1936, on a motion and order to show cause issued on December 14, 1935, in which plaintiff sought an order punishing defendant for contempt for failure to make payments to plaintiff pursuant to the terms of the judgment, ordering him to pay attorneys' fees and expenses, vacating certain stipulations whereby plaintiff had agreed with defendant not to enforce certain money judgments, and directing defendant to assign to plaintiff his stock in the H. S. Wenger Fur Company, or, in lieu of such assignment, to impress his stock with a lien in favor of the plaintiff for the amounts due to her under the judgment. The matter was submitted on April 1, 1936. On April 2 the court made an order deciding the last two matters and expressly reserved the matters of contempt and attorneys' fees and expenses "for further consideration and decision." On August 31, 1936, plaintiff procured an order to show cause why the court should not make and enter a decision of the matters so reserved by its order of April 2. The order to show cause was returnable September 9, 1936, at which time defendant appeared specially and objected to the court's making any order deciding the matters reserved for decision because more than five months had elapsed since the submission of the matters on April 1.

It is urged that the provisions of 2 Mason Minn. St. 1927, § 9311, that a judge shall file his decision with the clerk within five months

after a matter has been submitted to him, except when excused for reasons stated in the statute, are mandatory and that the failure to act within the time stated operates to deprive the court of the power to make a decision afterward. The provisions of the statute relative to the time within which the court must act are directory and not mandatory. This is apparent from the history of the statute and from the language of the statute itself. The statute was originally Public Statutes of Minnesota 1849-1858, c. 61, § 41. It provided that the decision *must* be filed with the clerk within 20 days after the term at which the trial took place. The word "must" was used. In the present statute the word "shall" is found. Section 41 was construed in the early case of Vogle v. Grace, 5 Minn. 232, 233 (294), in which it was held that the statute was "directory only to the judge." The basis of the decision is the well established rule of statutory construction that statutory provisions defining the time and mode in which public officers shall discharge their duties, and which are obviously designed merely to secure order, uniformity, system, and dispatch in public business, are generally deemed directory. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8954, and cases cited in note 86. The statute remained in its original form, except for amendments as to the time within which the decision was to be filed, until 1901. In that year, L. 1901, c. 47, was adopted, which fixed the time for filing the decision as five months and added a clause that "the provisions of this act shall be construed as mandatory and not directory." Probably this change was made to overrule the construction adopted in Vogle v. Grace, 5 Minn. 232 (294). The statute was carried into R. L. 1905 as § 4185. In the revised laws the clause inserted in L. 1901, c. 47, that the provisions thereof shall be construed as mandatory and not as directory, was eliminated. It is the contention of appellant that no change was thereby effected, citing State ex rel. Decker v. Montague, 195 Minn. 278, 262 N. W. 684. In that case it was held that a revision of existing statutes is presumed not to change their meaning even if there be alterations in the phraseology unless an intention to change the law clearly appears from the language of the revised statute. That case is not

in point because the intention to change the meaning of the statute is clear in this case. In In re Estate of Cravens, 177 Minn. 437, 440, 225 N. W. 398, 399, it was held that R. L. 1905, § 3659, providing that a will shall be signed by the testator, omitting the provision from G. S. 1894, § 4426, that such signature shall be "at the end thereof," changed the existing law so that it is sufficient if the signature appear elsewhere on the instrument and not at the end thereof. We stated: "In re-enacting a statute, intention to change meaning may as clearly appear from the omission of old as by adding new language." In this case the omission of the provisions of L. 1901, c. 47, that its provisions shall be construed as mandatory and not as directory, is a radical change. The inclusion of this language in L. 1901 was regarded as a radical change of policy with respect to the subject matter of the statute. For over 40 years a statute had been in force which was directory as to the time of filing of decisions. If the statute were mandatory, the court would have lost its power to render judgment by mere delay beyond the specified time. Vogle v. Grace, 5 Minn. 232 (294). If such construction were adopted, the mere delay of a judge would necessitate the trouble, expense, and delay of another trial without any fault of the parties. The change made by L. 1901, c. 47, would have had this effect which the court sought to avoid by the construction placed on the statute in Vogle v. Grace, 5 Minn. 232 (294). After four years the mandatory provision of the statute was omitted by the revision of 1905. The language was then put in the same form in which it was prior to 1901 and substantially as it was at the time the case of Vogle v. Grace, 5 Minn. 232 (294), was decided. The statute in its present form had a settled construction for over 40 years as being directory and not mandatory as to the time within which the court shall file its decision. This construction was acquiesced in during all this time. It will be presumed that the legislature knew the construction, long acquiesced in, which had been placed upon the statute prior to the amendment in 1901. By the use in the revision of the language contained in the statute prior to the amendment of 1901, it must be presumed that the legislature adopted the construction which had been placed upon such

language. A reënacted statute should receive the known, settled construction which it had received when previously in force. 1 Lewis' Sutherland, Statutory Construction, § 256; 25 R. C. L. p. 1075, § 297; Heald v. District of Columbia, 254 U. S. 20, 23, 41 S. Ct. 42, 43, 65 L. ed. 106, in which Mr. Chief Justice White, speaking of the meaning to be given to a statute reënacted by congress, stated: "Where provisions of a statute had previous to their reënactment a settled significance, that meaning will continue to attach to them in the absence of plain implication to the contrary." Bruce v. Sierra, 175 Ala. 517, 57 So. 709, Ann. Cas. 1914D, 125. In State v. Stroschein, 99 Minn. 248, 109 N. W. 235, it was held that prior statutes may be resorted to for the purpose of solving, but not to create, an ambiguity, and if the language of the revision indicates an intention to adopt the meaning of a prior statute, the revised statute will be given that effect.

It is also a settled rule of construction that the words "shall" and "must," while suggestive of a mandatory meaning, are not always to be construed in a statute as being mandatory. Where the act provided for is merely incidental or subsidiary to some chief purpose of the law and is not designed for the protection of third persons and the statute does not declare the consequences of a failure of compliance, the statute will ordinarily be construed as directory and not as mandatory. Farmers Co-op. Elev. Co. v. Enge, 122 Minn. 316, 142 N. W. 328. In this case the statute does not provide any consequences for the failure of the district judge to file his decision within five months. It is true that the statute provides that the judge shall not be entitled to receive his pay unless his decisions are filed within five months. This provision is to coerce the judge to act. It does not affect the validity of his action.

While the statute is directory, it is intended that it should be obeyed and that judges should comply with it. Vogle v. Grace, 5 Minn. 232 (294). But if judges do not comply, parties are not to suffer by reason thereof. Therefore this statute is held to be directory as to the time within which the judge shall file his decision, and a failure to act within the time specified does not deprive the court of the power to act afterward and render a valid decision.

■ On December 5, 1936, the court made findings of fact and conclusions of law that the defendant was guilty of contempt and imposed on him a sentence as punishment therefor, which was modified by an order filed on December 7, 1936, imposing the sentence here for review. In support of the conclusions of law, the court found as facts that defendant came into possession of at least $5,000 over and above his reasonable living expenses after the judgment of divorce was rendered, that he has wilfully refused and failed to pay plaintiff the sum of $5,000 or any part thereof, except certain amounts paid, referred to in the order, and that thereby the right of plaintiff to receive said sum has been defeated. Defendant traveled and worked in different parts of the country. He received either $14,000 or $14,500 insurance money, of which $3,000 was paid to him in August, 1933, and $11,000 or $11,500 in February, 1935. He used $7,000 of this money, which he kept in Superior, Wisconsin, beyond the jurisdiction of the courts of this state, to enter the fur business as one of the incorporators of the H. S. Wenger Fur Company. In connection with his getting back into business, defendant represented to the court and to plaintiff that his friends were loaning money to him for the purpose of reëstablishing him in business and that cancellation of certain money judgments in favor of plaintiff for unpaid alimony was necessary to establish his credit. The representations that his friends were loaning him money were false. His friends were simply turning over to him his own money. Defendant invested his own money in the business. He simply turned the money over to his three friends, who returned it to him. Because of the fraud practiced on her and the court, plaintiff, through her counsel, consented to, and the court made an order for, the vacation of the money judgments. It thus appears that defendant had ample funds with which to pay at least $5,000 of the moneys awarded to plaintiff by the judgment, which he wilfully neglected and refused to pay and that he attempted to conceal from plaintiff and the court that he had such money and means, by the artifice and representations referred to.

Disobedience of any lawful judgment, order, or process of the court is a contempt. 2 Mason Minn. St. 1927, § 9793(3); State v.

Ives, 60 Minn. 478, 62 N. W. 831. The sentence imposed in this case is punitive for acts of past disobedience. It is divided into two parts: The first is an unqualified imposition of a fine of $250 to be paid to the clerk, and the second is a sentence to the county work farm for a period of six months, from which the defendant was authorized to purge himself by payment of the sum of $5,000. The sentence was evidently imposed under and pursuant to 2 Mason Minn. St. 1927, § 9794, which provides:

"Every court of justice and every judicial officer may punish a contempt by fine or imprisonment, or both; but, when it is a constructive contempt, it must appear that the right, or remedy of a party to an action or special proceeding was defeated or prejudiced thereby, before the contempt can be punished by imprisonment or by a fine exceeding fifty dollars."

It is clear in this case that the defendant had the means and ability of complying with the judgment by the payment of the $5,000; that he wilfully neglected and refused to comply; and that plaintiff's right and remedy was thereby prejudiced. Wilful disobedience of the terms of a judgment is a contempt punishable by imprisonment. State ex rel. Warfield v. Becht, 23 Minn. 411; In re Burt, 56 Minn. 397, 57 N. W. 940; State ex rel. Scannell v. District Court, 114 Minn. 364, 131 N. W. 381; Wilkins v. Corey, 172 Minn. 102, 214 N. W. 776; Plankers v. Plankers, 175 Minn. 57, 220 N. W. 414. In the Plankers case, just cited, defendant pleaded inability to comply with the judgment by reason of the fact that it was necessary for him to purchase an automobile to be used in connection with his business as a physician and surgeon, just as the defendant here pleaded that it was necessary for him to invest his own money which he received back from his friends, in a fur business, and the plea was held unavailing. The defendant contends that there was no showing that he had the ability to pay the $5,000 and thus comply with the decree at the time the sentence was imposed on him and that therefore the judgment was not justified. He relies upon the provisions of 2 Mason Minn. St. 1927, § 9804, which provides that whenever the contempt consists of an omission

to perform an act which is *yet* in the power of the person to perform, he may be imprisoned until he performs it, and in such case the act may be specified in the warrant of commitment. He cites Laff v. Laff, 161 Minn. 122, 200 N. W. 936. See State v. Strong, 192 Minn. 420, 256 N. W. 900. Section 9804 authorizes punishment as a means of coercing compliance with the judgments, orders, and process of the court. Its purpose is to secure the remedy to the party wronged. It relates simply to present coercing of compliance by imprisonment, which is not authorized unless it be shown that the party complained of has present ability to comply. That statute and the cases cited are not in point. In this case, however, it may be inferred that defendant did have present ability to comply because of his ownership of the $7,000 of stock in the H. S. Wenger Fur Company. Even under § 9804, defendant's disability, if any, would not avail him, because it was voluntarily created. Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728. But it is clear that this section does not provide for the punishment of past acts of contempt and is to be construed in connection with other sections of the statute which do so provide.

Section 9794 relates to past acts of disobedience and authorizes punishment by imprisonment or fine in excess of $50 or both when the disobedience defeats or prejudices the right or remedy of the other party. Ability to comply at the time of the act of disobedience and not at the time of the imposition of sentence is the test under § 9794. Its provisions are punitive only. The punishment given in the instant case is clearly within the provisions of § 9794. In In the Matter of Fanning, 40 Minn. 4, 41 N. W. 1076, 1077, the defendant was adjudged to be in contempt for disobedience of orders with respect to alimony, for which he was sentenced to be imprisoned in the county jail until he should pay a fine of $30 and the sum of $48, arrears of alimony, the imprisonment not to exceed three months. The case was dismissed, and it was contended that the defendant was entitled to be relieved from the sentence of contempt. In the opinion the court said [40 Minn. 4]:

"In this case the order committing for contempt had a double aspect: First, it was in the nature of a remedy to the party to

enforce payment of the alimony; second, it was also punitive, or merely in punishment of the offence of contempt. In the first aspect it was only for the private benefit of the party; in the second, only to assert and vindicate the authority of the court, and so far its purpose was public. So far as it was private or remedial,—that is, so far as it required payment of money to the other party,—its force and life fell with the entry of judgment of dismissal; but, so far as it imposed a fine, the entry of judgment did not affect it. It follows that the petitioner is not entitled to a discharge until he has paid the fine."

To the same effect, see 6 R. C. L. p. 528, § 40, and cases cited in note 11; 13 C. J. p. 86, § 132; Gompers v. Bucks Stove & Range Co. 221 U. S. 418, 442, 31 S. Ct. 492, 55 L. ed. 797, 34 L.R.A. (N.S.) 874, in which the court referred to past acts of disobedience as being "a thing accomplished." In such a case, the court pointed out, imprisonment cannot undo or remedy what has been done nor afford any compensation for the pecuniary injuries caused by the disobedience, and the imprisonment operates not as a remedy, coercive in its nature, but solely as punishment for the completed acts of disobedience. Such is the sentence imposed upon defendant in this case.

Under § 9794, a sentence imposing a fine in excess of $50 or imprisonment, or both, is authorized, subject to the provisions of § 9802 that the fine shall not exceed $250 or the imprisonment six months.

It is claimed, however, that because the sentence provides that defendant may purge himself of the sentence of imprisonment by compliance with the judgment it makes the proceeding one to enforce plaintiff's judgment and is to coerce compliance by defendant and hence is within § 9804. These provisions do not have the effect claimed for them. Provisions authorizing one guilty of contempt to purge himself are proper and are within the sound discretion of the court. State ex rel. Hoefs v. District Court, 113 Minn. 304, 129 N. W. 583; State ex rel. Eder v. Searles, 141 Minn. 267, 170 N. W. 198; Wilkins v. Corey, 172 Minn. 102, 214 N. W. 776; 13 C. J. p. 94, § 145.

■ It is urged that the sentence is excessive. The sentence is strictly in accordance with the terms of the statute. Even though it may be considered severe it must be upheld. In view of all the facts of this case, we are unable to say that defendant did not deserve the sentence imposed on him. State ex rel. Phillips v. District Court, 98 Minn. 136, 107 N. W. 963.

Other questions have been raised which do not merit separate consideration.

The order is affirmed.