## STATE EX REL. ERNEST F. SHEFFIELD v. CITY OF MINNEAPOLIS AND ANOTHER.[1]

November 23, 1951.

No. 35,509.

*Brill & Brill,* for appellant.

*John F. Bonner,* City Attorney, and *Palmer B. Rasmusson,* Assistant City Attorney, for respondents.

*Kaplan, Edelman & Kaplan* filed a brief as *amici curiae* in behalf of the contention of respondents.

[1]Reported in 50 N. W. (2d) 296.

THOMAS GALLAGHER, JUSTICE.

Mandamus proceeding in the district court for Hennepin county to compel respondents to issue a building permit authorizing relator, Ernest F. Sheffield, to erect a commercial structure on his property located on Hennepin avenue between West Thirty-fifth and Thirty-sixth streets in Minneapolis, described as lots 8, 9, 10, 15, 16, 17, and the south 24 feet of lots 7 and 18, block 65, Calhoun Park.

The property lies within residence district No. 11, created by resolution of the Minneapolis city council January 28, 1921. 46 Council Proceedings 1026, adopted pursuant to L. 1915, c. 128. The latter enactment provides that upon petition of 50 percent of the owners of real property in a district to be affected any city of the first class, through its council, may, upon condemnation proceedings and payment of awards for damages, as provided therein, restrict the district to residence structures only.

Subsequent to the adoption of L. 1915, c. 128, the legislature enacted L. 1921, c. 217, which authorized comprehensive zoning without compensation through the exercise of police power in cities of the first class, including Minneapolis. This law contained a provision that it should be construed as granting powers in "addition to existing powers and not as an amendment to or repeal thereof."[2] It made no reference to L. 1915, c. 128, and contained nothing to indicate an intention to repeal or amend the same.

On April 3, 1924, under the 1921 enactment, the city of Minneapolis passed a comprehensive zoning ordinance. 49 Council Proceedings 1103. No provision was made therein for the repeal of restrictions provided for in districts created pursuant to L. 1915, c. 128. Section 23 of the zoning ordinance provided:

"* * * where this ordinance imposes a *greater* restriction upon the use of building or premises * * * than are imposed or required

[2]The validity of this act was upheld in State ex rel. Beery v. Houghton, 164 Minn. 146, 204 N. W. 569, 54 A. L. R. 1012, affirmed, 273 U. S. 671, 47 S. Ct. 474, 71 L. ed. 832.

by other laws, ordinances, rules, or regulations, the provisions of this ordinance shall control." (Italics supplied.)

After the enactment of L. 1921, c. 217, by L. 1923, c. 133, an amendment to L. 1915, c. 128, was enacted which authorized the vacation of a restricted district or portion thereof created thereunder in much the same manner as provided for in its original establishment. Later, L. 1931, c. 290, was enacted. This constituted a substantial reënactment of L. 1915, c. 128, with certain amendments, including one providing for the vacation of a restricted residential district upon petition of 50 percent of the owners thereof if the district sought to be relieved "is contiguous to, along one or both sides, or across a public street along its entire front from a parcel of land which shall be duly zoned under a valid municipal zoning ordinance for commercial, multiple dwelling or industrial purposes." It contained the further provision that in the allowance of damages for the vacation of such a district no evidence should be considered relative to other restrictive zoning ordinances or regulations applicable to such district.

In the comprehensive zoning ordinance adopted in 1924, relator's property was zoned as *commercial,* notwithstanding that under the 1921 resolution adopted pursuant to the 1915 act district No. 11 had been designated as residential only. Relying upon the 1924 ordinance, relator on November 28, 1950, made application to the city and its inspector of buildings for a permit to erect a commercial structure on his property. His application was denied, and mandamus proceedings in the district court of Hennepin county followed.

Upon the pleadings and upon certain oral stipulations, the court made its order sustaining respondents, in substance holding that the restrictions in district No. 11 created pursuant to the 1915 act had not been amended, altered, or repealed by the comprehensive zoning ordinance adopted pursuant to L. 1921, c. 217. In its determination the court found:

"Plaintiff [relator] has at no time attempted to vacate or remove from his premises involved the restrictions imposed by the establishment of said Restricted District No. 11, under the provisions

of Chapter 128, Laws of 1915, as amended by Chapter 133, Laws of 1923, permitting the removal of such restrictions.

\* \* \* \* \*

"\* \* \* establishing said frontage on Hennepin Avenue under said zoning ordinance for use for commercial purposes, \* \* \* was \* \* \* in conformity with the main principles \* \* \* of the said comprehensive zoning ordinance, pursuant to legislative authority, and for the purpose provided for by statute, and with full knowledge of the existence of \* \* \* Residence District No. 11. That said comprehensive zoning ordinance did not purport to affect any of the restrictions under said Residence District No. 11, excepting the said frontage on Hennepin Avenue between Thirty-fourth Street and Thirty-sixth Street."

In a memorandum made a part of this order, the court stated:

"The Court is constrained to make the decision as it did in this matter by reason of the decision of the Supreme Court of this State in \* \* \* State ex rel. Nels P. Madsen and Another v. James G. Houghton, 182 Minn. 77, 233 N. W. 831.

"This court has not felt justified in assuming to redetermine the issue settled by the foregoing case, but is following it as a matter of course. If said decision had not been made, then the Court would have been required to, and would have granted the peremptory writ."

From the judgment entered pursuant to the described order, this appeal is taken.

It is relator's contention that the adoption of the comprehensive zoning ordinance in 1924 pursuant to L. 1921, c. 217, which classified relator's property as *commercial,* in effect removed the earlier restrictions thereon which had established it as *residential,* and entitled him to a building permit to erect the commercial structure which he sought to build. This is the sole question for determination here.

■ After careful consideration of the arguments and authorities advanced by counsel for relator, it is this court's opinion that it must adhere nevertheless to its decision in State ex rel. Madsen v.

Houghton, 182 Minn. 77, 233 N. W. 831. Therein a similar situation was involved. There, the owners of two lots in restricted residence district No. 44 in Minneapolis, likewise established pursuant to a resolution of the city council under authority of L. 1915, c. 128, contended that the subsequent comprehensive zoning ordinance adopted under the authority of L. 1921, c. 217, in which their lots were zoned for multiple dwelling purposes, modified the previous residential restrictions and entitled them to a permit for the erection of a multiple-dwelling structure. They contended in this court that (182 Minn. 79, 233 N. W. 832):

"If restrictions were imposed upon relators' property by the city simply through the eminent domain proceedings, such restrictions were modified so as to permit the erection of an apartment house thereon when the city council authorized such use of said property by the comprehensive zoning ordinance of April 3, 1924."

In passing upon this question, we stated (182 Minn. 80, 233 N. W. 833):

"* * * Did the zoning laws and the ordinance adopted thereunder [L. 1921, c. 217, amended by L. 1923, c. 364, comprehensive zoning ordinance, city of Minneapolis, approved April 7, 1924] affect L. 1915, p. 180, c. 128, and the restrictions placed on appellant's property thereunder? In 1923 the legislature enacted c. 133 of the session laws of that year, expressly amending L. 1915, p. 180, c. 128. The amendatory law provided the manner in which the restrictions such as the ones here involved might have been vacated or changed. That same session of the legislature, after providing a way for the removal of such restrictions, amended the original zoning law as hereinbefore stated by enlarging the scope of the first law to include the regulation of 'height of buildings, the arrangement of buildings on lots, and the density of population.' *Had there then been a thought in the legislative mind that the act was to affect the 1915 law as amended, it would have so stated in the zoning amendment.* It is manifest that there was no intention to affect the 1915 law, and the restrictions imposed thereunder still obtain." (Italics supplied.)

■ Relator asserts that the Madsen case can be distinguished from the present action, in that in the former the city, through its legal officers, took the position that the city was without authority to change the restrictions set forth under the 1915 law, and hence had no intention of doing so when it adopted the later comprehensive zoning ordinance in 1924; and that, because of this concession by the city, and its position based thereon in the proceedings here, this court had no choice but to make the decision arrived at there.

In the instant case, it is asserted by relator that no such concession is made; in fact, it is urged here that under its police power the city *does* have authority to modify or repeal the restrictions created by the 1915 act; that in the very act of adopting the comprehensive zoning ordinance with knowledge of the prior restrictions the city manifested its intention to modify them wherever they were inconsistent with the comprehensive zoning ordinance; and that the trial court, in finding that the city acted with full knowledge of the prior restrictions when it adopted the comprehensive zoning ordinance in 1924, in effect thereby determined that it was the intention of the city to modify any prior inconsistent restrictions. With such a fact determination, here, relator asserts, neither the trial court nor this court is bound by our decision in the Madsen case where no finding had been made on this issue.

We do not arrive at the same conclusion reached by relator from the findings of the trial court. They appear merely to indicate that it determined that at the time of the enactment of the comprehensive zoning ordinance the city council had in mind that restrictions previously created under the 1915 act were still in effect. Likewise, it must have had knowledge that provisions had been made by amendments to L. 1915, c. 128, for the vacation of such restrictions through the same process followed in establishing them. It might be concluded therefrom that the council, in zoning relator's property as commercial, had in mind that in the event the residential restrictions were vacated, as provided by the 1915 act and its amendments, the comprehensive zoning ordinance would then be applicable thereto, and thereunder relator's property would become commercial.

Likewise, examination of the record and briefs in the Madsen case does not lead to the conclusion that our decision there was based on the position of the city that it was *without power* to modify the prior restrictions. Rather, as clearly indicated in the Madsen opinion, it was based on the ground that, had the legislature intended that the 1921 act was to affect the 1915 law, it would have manifested such intention by express language, and that, in the absence thereof, the conclusion was compelled that it did not so intend, and hence that the prior restrictions remained in effect.

■ Numerous other factors indicate that the restrictions established pursuant to the authority created by L. 1915, c. 128, were not to be affected by the 1921 comprehensive zoning law. Foremost thereof are the several amendments to the 1915 act enacted subsequent to the comprehensive zoning law. Thus, both L. 1923, c. 133, and L. 1931, c. 290, amending and reënacting the 1915 law, provided a method and procedure for vacating restrictions established thereunder. In neither of these later enactments is there any indication that the comprehensive zoning law in itself constituted an authorization for the modification or nullification of restrictions imposed under the former act.

It is also significant that L. 1931, c. 290, which constituted a reënactment of the 1915 act, was enacted subsequent to our decision in the Madsen case. M. S. A. 645.17(4) provides:

"When a court of last resort has construed the language of a law, the legislature in subsequent laws on the same subject matter intends the same construction to be placed upon such language;"

See, also, Christgau v. Woodlawn Cemetery Assn. 208 Minn. 263, 293 N. W. 619; Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517.

Affirmed.