Deane HELLER, petitioner, Appellant,

v.

Herbert E. WOLNER, Respondent.

STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Larry Dennis GLOVKA, Respondent.

STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Respondent,

v.

Joseph Lowrey WOLTERS, Appellant.

Nos. 48063, 48250, 48077 and 48062.

Supreme Court of Minnesota.

July 14, 1978.

Stewart R. Perry, Minneapolis, for appellant Deane Heller.

Warren Spannaus, Atty. Gen., Craig R. Anderson, Sp. Asst. Atty. Gen., St. Paul, for respondents, Wolner and State.

Warren Spannaus, Atty. Gen., and Bernard Johnson, Sp. Asst. Atty. Gen., St. Paul, for appellant State.

Larry Dennis Glovka, pro se.

Memmer, Caswell, Parks & Beck, St. Paul, for appellant Wolters.

Heard before PETERSON, KELLY and YETKA, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

These three cases arose separately and were consolidated on appeal. The issue in each case is whether the county or municipal court lost jurisdiction over proceedings to revoke a motorist's driver's license because the court failed to hold a hearing or grant a continuance within the 30-day period specified in Minn.St.1976, § 169.127, subd. 3.[1] We hold that jurisdiction was not lost because the 30-day period is directory and not a limitation on the court's jurisdiction.

The facts of the three cases are parallel and ·undisputed. The motorists were ar-

---

1. Minn.St.1976, § 169.127 has since been repealed by L.1978, c. 727, § 11, and reincorporated with modifications in § 169.123, subd. 6. The new statute does not set a time limit for the hearing. Thus, the central issue in this case is nonrecurring.

rested for driving while under the influence of alcohol and consented to blood tests. When the test results indicating intoxication were reported to the commissioner of public safety, he sent the motorists notice of his intention to revoke their driver's licenses for 90 days. Each motorist elected to contest the revocation and within the 20-day period specified in Minn.St.1976, § 169.127, subd. 2, sent the commissioner a request for a judicial hearing.

Upon receiving the request for a hearing, the commissioner in each case filed a petition in county or municipal court to revoke the motorist's license. The court then set the date of the hearing. At the time these cases arose, § 169.127, subd. 3, stated in part:

"* * * The hearing shall be heard as early as practicable but not to exceed 30 days from the receipt of request for hearing unless the court grants a continuance of the hearing."

In the three cases before us, the hearings were held 43, 92, and 128 days after the requests were received. The motorists' licenses remained valid during these periods, and there is no contention that the delay resulted in any actual prejudice to them.

■ 1. The motorists argue that the statutory word "shall" is mandatory rather than permissive and should therefore be considered a limitation on the court's jurisdiction. The state concedes noncompliance with the statutory period, but notes that the statute is silent as to the consequences of noncompliance. In our view, this case comes squarely within "the well established rule of statutory construction that statutory provisions defining the time and mode in which public officers shall discharge their duties, and which are obviously designed merely to secure order, uniformity, system, and dispatch in public business, are generally deemed directory." *Wenger v. Wenger,* 200 Minn. 436, 438, 274 N.W. 517, 518 (1937), relying on *Vogle v. Grace,* 5 Minn. 232 (294) (1861). In *Wenger,* we noted that courts should make every effort to comply with directory time periods. But since the statute there did not provide any consequences

to the parties for the court's failure to act, we held that the "failure to act within the time specified does not deprive the court of the power to act afterward and render a valid decision." 200 Minn. 440, 274 N.W. 519.

■ The principles set out in *Wenger* were recently reaffirmed in *First Nat. Bank of Shakopee v. Dept. of Commerce,* 310 Minn. 127, 245 N.W.2d 861 (1976), and are directly applicable to the present case. In the present case, the statute does not specify any consequence for failure to hold the hearing within the 30-day period and does provide that the motorist's license remains valid until a final judicial determination has been made. These features reinforce the directory nature of the statute's 30-day hearing provision and minimize or eliminate any prejudice to the motorist. Thus, we hold that the county and municipal courts did not lose jurisdiction because of noncompliance with the 30-day period.

■ 2. The motorist in Appeal No. 48062 raises the additional question of whether his blood-test results should be suppressed because he was not informed that he could consult an attorney before deciding whether to consent to take the test. In *Prideaux v. State, Dept. of Public Safety,* 310 Minn. 405, 247 N.W.2d 385 (1976), we departed from an earlier case and held that a motorist should be informed he had the right to consult an attorney before deciding whether to consent to a test. But we indicated upon petition for rehearing that our holding in *Prideaux* had prospective application only. Since the motorist in Appeal No. 48062 consented to and took the blood-alcohol test prior to October 8, 1976, the date the *Prideaux* decision was rendered, the county court correctly held that the motorist need not have been informed that he could first consult an attorney.

Appeal Nos. 48077 and 48062 are affirmed; Appeal Nos. 48063/48250 is reversed.