David Joseph SZCZECH, Respondent,

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C9–83–1372.

Court of Appeals of Minnesota.

Jan. 25, 1984.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Michael E. Sullivan, University Student Legal Service, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

David Szczech seeks judicial review of revocation of his driving privileges under Minn.Stat. § 169.123 (1982), the Implied Consent statute.

Mr. Szczech was arrested for violating Minn.Stat. § 169.121 (1982), the DWI statute, and refused to submit to testing on the advice of counsel.

The matter was set for hearing before a referee, pursuant to Hennepin County bench rules, on June 10, 1983, within the 60-day period. On Mr. Szczech's demand, the hearing was reset before a judge, but after the 60-day period expired. Mr. Szczech's motion to dismiss at that time was granted by the lower court. We reverse and remand.

## FACTS

On April 16, 1983, David Szczech, the respondent, refused to submit to DWI testing. The commissioner revoked Mr. Szczech's license under the implied consent laws. Mr. Szczech contested the revocation and petitioned for judicial review on May 16, 1983. The Municipal Court scheduled a hearing for June 10, 1983, by a notice dated May 17, 1983.

The June 10, 1983 hearing was before a special referee in accordance with the procedure used by the Hennepin County bench since August, 1982. At that time, Mr. Szczech objected to having the matter heard by a referee and demanded that the matter be heard by a judge. No judge being available at that time, the matter was continued by the court and rescheduled for August 8, 1983 by a trial notice dated June 10, 1983.

On August 8, 1983, a municipal court judge heard the case. Without any prior written notice, the petitioner moved to have the revocation rescinded on the ground that more than sixty days had elapsed since the petition had been filed. The court orally granted the motion, and, by a written order issued August 22, 1983, rescinded the revocation. This appeal is from that order.

## ISSUE

Does the failure to provide a hearing before a municipal court judge within 60 days of a notice of revocation require the court to rescind an implied consent revocation?

## ANALYSIS

The trail of broken lives, bodies, and property left by drunk drivers is a holocaust on our highways. In response, our legislature enacted a very strict implied consent law to remove drunk drivers from the road.

■ It has long been settled that laws relating to the revocation of driving privileges, including Minn.Stat. § 169.123 (1982), are not "penal" in nature, but are remedial statutes intended for the protection of the public and are to be liberally construed towards that end. *State, Department of Highways v. Normandin*, 284 Minn. 24, 169 N.W.2d 222 (1969).

From *Normandin* to *Heddan v. Dirkswager*, 336 N.W.2d 54 (Minn.1983), the Supreme Court has specifically and repeatedly recognized the remedial nature of the Implied Consent statute. In *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316 (Minn.1981), the Court quoted from a series of prior decisions and concluded that the Legislature has demonstrated its intent to have the statute cover "the broadest possible range of conduct"

and to be given "the broadest possible effect." *Id.* at 319.

▮ The substantial amendments of 1982 and the "fine tuning" of 1983 have only made that intent more obvious. The right of the public to be free from the unwarranted dangers posed by drinking drivers far outweighs any interest any individual may have in the continued unrestricted operation of motor vehicles. This public interest mandates a nonrestrictive application of the statute to give effect to the clear legislative intent to have the statute made as effective a remedy as possible for the removal of drinking drivers from our streets and highways.

One whose license is revoked under the implied consent laws is not, however, without rights. Minnesota's implied consent statute allows judicial review of a license revocation. The statute provides for a speedy hearing:

> *A hearing* under this section *shall be before a municipal* or county *judge*, in any county in the judicial district where the alleged offense occurred.... *The hearing shall be held* at the earliest practicable date, and in any event *no later than 60 days following the filing of the petition for review.* The judicial district administrator shall establish procedures to ensure efficient compliance with the provisions of this subdivision.

Minn.Stat. § 169.123(6) (1982) (emphasis added). The statute also provides for an automatic revocation and a stay of that revocation:

> The filing of the petition shall not stay the revocation or denial. The reviewing court may order a stay of the balance of the revocation if the hearing has not been conducted within 60 days after filing of the petition upon terms the court deems proper ....

Minn.Stat. § 169.123(5c) (1982)

Mr. Szczech claimed, and the lower court agreed, that since the hearing before the municipal court was held after the 60-day period had passed, his case must be dismissed.

▮ Mr. Szczech bases his argument on an erroneous theory of statutory interpretation. He argues that because the hearing *shall* be before a municipal judge and *shall* be held within a 60-day period, the statute makes both the mode and the timing of the hearing mandatory. While Minn.Stat. § 645.44(16) (1982) defines "shall" as mandatory, the statute declares only a rule of construction for the aid of, but not binding on the courts. Op.Atty. Gen. 227–a–5 (June 10, 1947). Even more specifically, there is:

> the well-established rule of statutory construction that statutory provisions defining the time and mode in which public officers shall discharge their duties, and which are obviously designed merely to secure order, uniformity, system and dispatch in public business are generally deemed directory.

*Wenger v. Wenger,* 200 Minn. 436, 438, 274 N.W. 517, 518 (1937).

The Minnesota Supreme Court has applied the *Wenger* rule to late hearings under the old implied consent statute. In *Heller v. Wolner,* 269 N.W.2d 31 (Minn. 1978), several defendants asked for judicial review of their license revocations. The statute stated that the hearing shall be within 30 days of filing the request for judicial review. The hearings were held 43, 92 and 128 days later, respectively. Under the old statute, the license revocation was stayed by the request for judicial review; therefore, the defendants did not claim actual prejudice. The motorists argued, as Mr. Szczech argues here, that:

> The statutory word "shall" is mandatory rather than permissive and should therefore be considered a limitation on the court's jurisdiction. The state concedes noncompliance with the statutory period, but notes that the statute is silent as to the consequences of noncompliance. In our view, this case comes squarely within "the well-established rule of statutory construction that statutory provisions defining the time and mode in which public officers shall discharge their duties, and which are obviously designed merely

to secure order, uniformity, system, and dispatch in public business, are generally deemed directory." In *Wenger*, we noted that courts should make every effort to comply with directory time periods. But since the statute there did not provide any consequences to the parties for the court's failure to act, we held that the "failure to act within the time specified does not deprive the court of the power to act afterward and render a valid decision."

*Id.*, at 33.

■ The old statute was directory; the question now is whether the legislature made the time and mode requirements of the new statute mandatory. The general purpose of the new statute was to "reduce the time lapse between an implied consent violation and the imposition of license revocation." *Heddan v. Dirkswager,* 336 N.W.2d 54, 57 (Minn.1983). The legislature included no express language overruling the *Heller* case to make the time and mode requirements mandatory.

The language of the two statutes is almost identical. Under the old statute:

[t]he hearing shall be before a municipal or county judge ... The hearing shall be heard as early as practicable but not to exceed 30 days from the receipt of request for hearing unless the court grants a continuance of the hearing.

Minn.Stat. § 169.127(3) (1976). To reiterate, under the new statute:

A hearing under this section shall be before a municipal or county judge, in any county in the judicial district where the alleged offense occurred ... The hearing shall be held at the earliest practicable date, and in any event no later than 60 days following the filing of the petition for review.

Minn.Stat. § 169.123(6) (1982). No intent to overrule *Heller* can be implied from the new statutory language.

Supporting the decision in *Heller* was the absence of statutory sanctions for failing to meet the 30-day time limit. Likewise in the present statute, no sanction or conse-

quence is imposed for failing to meet the 60-day limit.

Under the new statute, Mr. Szczech claims a hearing within 60 days is required because he has suffered actual prejudice: the revocation of his driver's license. The element of actual prejudice is alleged because, unlike the old statute, the new statute does not automatically stay a revocation upon filing for judicial review. However, if there has been no hearing within 60 days, the court may grant a stay of the prehearing revocation. The very existence of that provision indicates that the Legislature contemplated that situations would arise in which, despite the best intentions and efforts of all concerned, it would not always be possible to hold hearings within sixty days. In those cases, the remedy provided was temporary reinstatement of driving privileges, not the rescission of the revocation itself. The defendant was represented by competent counsel and could, by motion, have raised the issue timely and limited his alleged "prejudice."

Mr. Szczech argues his constitutional rights of due process have been violated. Due process does not require a hearing within 60 days. The United States Supreme Court upheld the Massachusetts implied consent statute even though no time limits for hearings nor hearings before judges were provided. The court felt that "the compelling interest in highway safety justifies the [state] in making a summary suspension effective pending the outcome of the prompt post-suspension hearing." *Mackey v. Montrym,* 443 U.S. 1, 19, 99 S.Ct. 2612, 2621, 61 L.Ed.2d 321 (1979). Under the Minnesota Statute, the pre-hearing deprivation is no longer than 60 days because after 60 days, a stay can be granted by the court. The Minnesota Supreme Court found this deprivation constitutional. *Heddan v. Dirkswager,* 336 N.W.2d 54 (Minn.1983).

There is no legislative intent in the new statute to make the time and mode of hearing mandatory. If revocations are to be automatically rescinded whenever a court, for whatever reason, schedules a hearing

more than sixty days after a petition is filed, the effectiveness of the statute is largely nullified, with adverse consequences to public safety. By suggesting ways for district administrators to hold hearings quickly, the Legislature indicated the intent was to secure order, uniformity, system and dispatch. The *Wenger* rule applies and, therefore, the municipal court did have authority to hear this case after the 60-day time limit had passed.

## DECISION

■ Not holding an implied consent revocation hearing within the statutory 60-day time limit does not deprive the court of jurisdiction. The statutory time limit is directory, not mandatory. If the hearing is not held within 60 days, the driver has a remedy: a stay of the revocation which provides a method of reinstating the *Status Quo Ante* until the matter may be resolved on the merits. This matter is remanded to the Municipal Court of Hennepin County to be set for hearing on the merits.

Reversed and remanded.