**Scott Allen NORDVICK, James Allen Uzarek, June Marie Byrne, petitioners, Respondents,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

Nos. C5–99–1674, C7–99–1675, C0–99–1677.

Court of Appeals of Minnesota.

April 25, 2000.

Peter C. Mayrand, St. Paul, for respondent Nordvick.

James Allen Uzarek, Burnsville, pro se respondent.

Dean S. Grau, Minneapolis, for respondent Byrne.

Mike Hatch, Attorney General, Jeffrey F. Lebowski, Michael R. Pahl, Assistant Attorneys General, St. Paul, for appellant.

Considered and decided by
KLAPHAKE, Presiding Judge,
CRIPPEN, Judge, and SHUMAKER,
Judge.

## OPINION

CRIPPEN, Judge.

This is a consolidated appeal of three cases in which several trial courts upheld constitutional challenges to Minn.Stat. 169.123 (1998), the implied consent statute. The Commissioner of Public Safety disputes that respondents have standing to raise these challenges. Because respondents have no standing, we reverse the trial court decisions rescinding the revocation of their drivers licenses. We remand one of the appeals so that the trial court can rule on the merits of the drivers petition for judicial review of his license revocation.

## FACTS

A police officer arrested respondent Scott Nordvick for driving while under the influence in January 1999. Nordvick took and failed the implied consent test, and the Commissioner of Public Safety revoked his drivers license. Nordvick petitioned for judicial review, contending that the officer violated his right to counsel and that the implied consent law was unconstitutional. The trial court found that Nordvick had waived his right to counsel but ruled that the implied consent law was unconstitutional on several grounds. It determined that because the law compels the petitioner to submit a testimonial statement in the implied consent petition, the drivers Fifth Amendment right against self-incrimination was violated; that the provision mandating limited discovery violated the drivers due process rights; and that the civil-law treatment of implied consent court proceedings violated due process because the revocation may be used to enhance future DWI crimes.

Respondent James Uzarek was arrested for driving while under the influence in November 1998, and he took and failed an implied consent test. The commissioner revoked his drivers license and respondent petitioned for judicial review, challenging the sufficiency of probable cause for a testing demand, whether his right to an independent test had been vindicated, and the constitutionality of the implied consent law. The trial court ruled, as in Nordvicks challenge, that the requirement that drivers must affirmatively plead facts violates their right to be free from compelled self-incrimination. The court also held that the provision for mandated limited discovery violated the separation of powers doctrine and the drivers due process rights. The trial court did not reach the issue of whether the implied consent law has become criminal in nature or the merits of Uzareks contentions on probable cause and his independent testing right.

Respondent June Byrne was arrested for driving while under the influence in

December 1998. She failed the implied consent test and the commissioner revoked her drivers license. She petitioned for judicial review, challenging the reliability of the test and the constitutionality of the implied consent law. The trial court found that the test results were accurate but ruled that the implied consent law was unconstitutional on the same three grounds as stated in Nordvicks challenge.

## ISSUE

Do respondents have standing to raise the constitutional issues?

## ANALYSIS

### 1. Standard of Review

■ The issue of whether a party has standing to bring an action is a question of law. *Joel v. Wellman*, 551 N.W.2d 729, 730 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996). Legal questions are reviewed de novo on appeal. *Frost–Benco Elec. Assn v. Minnesota Pub. Utils. Commn*, 358 N.W.2d 639, 642 (Minn.1984).

■ Drivers may not invoke the jurisdiction of the court to challenge the constitutionality of implied consent laws unless they can show they have standing. *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848, 855 n. 16 (Minn.1991). That is, they must demonstrate that they will suffer a direct and personal harm resulting from the alleged denial of [their] constitutional rights. *City of Minneapolis v. Wurtele*, 291 N.W.2d 386, 393 (Minn. 1980).

### 2. Mandatory statement

■ The first issue is whether the respondents had standing to challenge the constitutionality of the requirement in the implied consent law that a petition for judicial review of a revocation, which is to specify the grounds upon which the petitioner seeks rescission of the order of revocation, must also state the facts underlying each claim asserted. Minn.Stat. 169.123, subd. 5c(b)(3) (1998). The quoted portion was removed from the statute effective May 7, 1999. 1999 Minn. Laws ch. 124, 1, 2. At the time of the respondents DWIs, the disputed provision was in effect. The trial courts held that this provision violated respondents Fifth Amendment right against self-incrimination.

■ No person may be compelled to be a witness against himself or herself in any criminal matter. U.S. Const. amend. V; Minn. Const. art. I, 7. A driver in a civil implied consent proceeding may assert the privilege against self-incrimination if it can be reasonably apprehend[ed] that the statements could be used against them in a criminal prosecution. *Heddan v. Dirkswager*, 336 N.W.2d 54, 63 (Minn.1983) (citation omitted); *see Parker v. Hennepin County Dist. Court*, 285 N.W.2d 81, 83 (Minn.1979) (noting right to plead Fifth Amendment is not absolute in civil cases). Respondents did not state any inculpatory facts in their petitions and therefore cannot demonstrate that the statements could be used against them in future criminal prosecutions. They failed as well to show that the demand for a statement of facts posed to them the threat of self-incrimination. Because they have not shown harm, they have no standing to raise a Fifth Amendment challenge. *Wurtele*, 291 N.W.2d at 393.

### 3. Limited discovery

The trial courts determined that the mandatory limited-discovery provision in the implied consent law violated due process. The court in Uzareks case also determined it violated the separation of powers provision. The challenged provision mandates pretrial discovery under the rules but limits the mandate to the notice of revocation, the test record, the peace officers certificate of the arresting officer, and the names of potential witnesses and the basis of their testimony. Minn.Stat. 169.123, subd. 5c(d) (1998). In 1999, the legislature amended the provision so that it now permits other discovery upon order

of the court. 1999 Minn. Laws ch. 124, 1. The more-restrictive 1998 version is applicable to all of the respondents here.

■ We must again address the question of whether the respondents showed a direct and personal harm, demonstrating that they had standing. *Wurtele*, 291 N.W.2d at 393. The commissioner asserts he gave respondents counsel access to the entire file held by the commissioner for prehearing discovery, and respondents do not dispute this. Further, the commissioner advised them as to the witnesses the commissioner intended to call and informed them that if they wanted other information not in the commissioners possession, they could contact their client, the Bureau of Criminal Apprehension, the arresting officer, or the city attorneys office. There is no evidence in the record that respondents found that access to any relevant disclosure was denied, or attempted to receive additional discovery. Further, they do not claim they were unable to proceed with the implied consent hearing due to the mandatory limited discovery provisions. Accordingly, respondents have not shown they were harmed by the limitations and they have no standing to assert the constitutional challenges.

### 4. Due process

■ In Nordvicks and Byrnes proceedings, the trial courts determined that because an implied consent revocation could lead to enhanced criminal penalties for subsequent DWI offenses, the civil characteristics of the implied consent proceedings were inadequate to protect due process rights of the drivers. *See* Minn.Stat. 169.121, subds. 3(c)(2) (providing for gross misdemeanor DWI offense if offender has prior license revocation within past five years), 3(d) (1998) (providing for enhanced gross misdemeanor for particular DWI offenses if offender has certain prior license revocation).[1]

■ Defendants may challenge an enhancement provision in a criminal statute when the provision is applied against them. *Davis v. Commissioner of Pub. Safety*, 509 N.W.2d 380, 391 (Minn.App.1993), *affd*, 517 N.W.2d 901 (Minn.1994). Until that time, they cannot show any direct and personal harm resulting from the criminal enhancement provision, and their challenge is premature. *Id.* at 392. Consequently, drivers in the implied consent proceedings do not have standing to challenge the effect of the revocation on a possible future DWI charge.

### 5. Remand

Finally, respondent Uzarek sought a remand in the event the trial courts ruling on the constitutionality of the implied consent statute was reversed. We remand for a determination of the merits of his petition.

### DECISION

Respondents lack standing to challenge the constitutionality of the implied consent law because they have not shown they suffered harm from the alleged constitutional violations. We remand respondent Uzareks appeal for a decision on the merits of his petition for judicial review of his license revocation.

**Reversed and remanded.**

■

---

1. The trial courts engaged in a further statement of criminal characteristics of implied consent proceedings, but it is evident that the criminalization rationale of each court is inextricably tied to its concern regarding the enhancement provisions.