COUNTY OF BENTON, Respondent,

v.

KISMET INVESTORS, INC., Appellant.

No. CX–02–984.

Court of Appeals of Minnesota.

Nov. 19, 2002.

Robert J. Raupp, Benton County Attorney, Benton County Courts Facility, Foley, MN, for respondent.

Randall D.B. Tigue, Randall Tigue Law Office, P.A., Minneapolis, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge, KALITOWSKI, Judge, and HALBROOKS, Judge.

## OPINION

KALITOWSKI, Judge.

Appellant Kismet Investors, Inc. challenges the district court's grant of summary judgment to respondent Benton County. The district court determined that appellant's nude-dancing establishment, King's on the Lake, is an "adult use" within the meaning of the Benton County Development Code. The district court also concluded that Minn.Stat. § 394.21, subd. 1a, does not violate the First Amendment and that King's on the Lake qualifies as a "similar adults-only" business under the statute.

## FACTS

King's on the Lake, also called King's Inn (King's), is a nude-dancing establishment located in Benton County. In 1994, the Benton County Board of Commissioners passed Ordinance 242, which regulates adult uses. Ordinance 242 allows adult uses in areas zoned B–1, B–2, I–1, and I–2 so long as no adult use is located within 500 feet of any area zoned R–1, R–2, or R–3, or within 500 feet of any school, church, daycare facility, hotel, or public park. Benton County, Minn., Development Code § 7.10.2(A) (1998). The ordinance defines adult uses to include

adult enterprises, businesses or places open to some or all members of the public at or in which there is an emphasis on the presentation, display, depiction or description of 'specified sexual activities' or 'specified anatomical areas.'

*Id.* § 7.10.1. The ordinance designates existing adult uses as nonconforming uses until July 31, 1998, and unlawful uses after that date. *Id.* § 7.10.3. King's is located approximately 150 feet from the nearest residence, and that residence is located on property zoned R–2.

On July 22, 1998, Kismet Investors, Inc. (Kismet) sought a variance to continue operating King's at its current location. The Benton County Board of Adjustment denied the variance on October 15, 1998. Kismet appealed to the district court. The district court entered summary judgment affirming the variance denial on April 2, 1999. Kismet further appealed the variance denial to this court. This court affirmed. *See Kismet Investors, Inc. v. County of Benton,* 617 N.W.2d 85 (Minn. App.2000), *review denied* (Minn. Nov. 15, 2000), *cert. denied,* —— U.S. ——, 122 S.Ct. 2356, 153 L.Ed.2d 178 (2002).

After the district court affirmed the variance denial, Benton County commenced the present action seeking a permanent injunction against appellant's operation of King's at its current location. The district court granted respondent's motion for summary judgment on August 1, 2000. The district court issued a permanent injunction against appellant's operation of King's at its current location and initially stayed the injunction pending resolution of

appeals. The district court later vacated that stay.

On August 14, 2000, appellant filed a motion for amended findings. The district court issued amended findings on November 27, 2000. The district court amended some of its initial findings and vacated its earlier judgment. But the district court again granted summary judgment for respondent, permanently enjoining the operation of King's at its current location and further staying the order pending appeals.

## ISSUES

1. Did the district court err by finding that appellant's business is an "adult use" under the Benton County Development Code?

2. Does the exemption from Minn.Stat. § 394.21, subd. 1a, which allows amortization of adults-only businesses, violate the First Amendment and does King's qualify as a "similar adults-only" business under section 394.21, subdivision 1a?

## ANALYSIS

### I.

On an appeal from summary judgment, this court asks two questions: (1) whether there are any genuine issues of material fact; and (2) whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). "On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn.1997) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). "The party resisting summary judgment must do more than rest on mere averments." *Russ*, 566 N.W.2d at 71. A genuine issue for trial must be established by substantial evidence. *Id.* at 69–70.

The facts of this case are uncontroverted. The nature of appellant's business is live exotic dance entertainment. Entertainers perform with less than completely and opaquely covered genitals, pubic regions, and buttocks when no minors are present. Entertainers also perform with less than completely and opaquely covered female breasts below the point immediately above the top of the areola when no minors are present. The entertainers engage in acts of fondling or other erotic touching of human genitals, pubic region, buttocks, or female breasts during the course of said entertainment. King's Inn is open to all members of the public. There is no evidence that King's has ever featured either human male genitals in a discernibly turgid state, even if completely and opaquely covered, or acts of human masturbation, sexual intercourse, or sodomy. Because the material facts of this case are uncontroverted, there are no genuine issues of material fact.

We must next determine whether the district court erred in its application of the law. Benton County Development Code § 7.10.2 permits adult uses in areas zoned B–1, B–2, I–1, and I–2, but prohibits the operation of an adult-use facility within 500 feet of residentially zoned areas. It is uncontroverted that King's is approximately 150 feet from the nearest residence, and that residence is located on property zoned R–2.

The Benton County Development Code defines adult uses as follows:

> Adult uses include adult bookstores, adult motion picture theatres, adult

mini-motion picture theatres, adult massage parlors, adult steam room/bathhouse facilities, adult enterprises, businesses or places open to some or all members of the public at or in which there is an emphasis on the presentation, display, depiction or description of 'specified sexual activities' or 'specified anatomical areas' which are capable of being seen by members of the public.

Benton County, Minn., Development Code § 7.10.1. The definition of "specified anatomical areas" contained in section 7.10.1 reads as follows:

Specified Anatomical Areas

(1) Less than completely and opaquely covered:

   a. Human genitals;

   b. Pubic region;

   c. Buttocks; and,

   d. Female breast below a point immediately above the top of the areola; and

(2) Human male genitals in a discernibly turgid state, even if completely and opaquely covered.

Appellant argues that King's does not qualify as an adult use because section 7.10.1 must be read in the conjunctive. Appellant contends that unless all of the above body parts are displayed at King's, there is no adult use. Thus, appellant argues that section 7.10.1 must be read as follows:

Specified Anatomical Areas

(1) Less than completely and opaquely covered:

   a. Human genitals; *and*

   b. Pubic region; *and*

   c. Buttocks; and,

   d. Female breast below a point immediately above the top of the areola; and

(2) Human male genitals in a discernibly turgid state, even if completely and opaquely covered.

(Emphasis added.)

    ■   Although we are obligated to follow the plain meaning of the words of the statute when it is sufficient to determine the purpose of the legislation, we are equally obliged to reject construction that leads to absurd or unreasonable results that utterly depart from a statute's purpose. *Wegener v. Comm'r of Revenue*, 505 N.W.2d 612, 617 (Minn.1993). And zoning ordinances must be strictly construed with any ambiguities resolved against the government and in favor of the property owner. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn. 1980). But a zoning ordinance must always be considered in light of its underlying policy. *Id.* at 609.

    ■   Here, the Benton County Planning and Zoning Commission (commission) had several discussions and public hearings regarding the effects of adult-use establishments. The commission reviewed and studied numerous reports relating to adult-use businesses and their secondary effects. Additional municipalities and cities involved in those studies included, among others, Saint Paul and Rochester, Minnesota; Amarillo, Texas; and a Minnesota Attorney General report on the regulation of sexually oriented businesses. The commission concluded that adult-use businesses have an impact on the neighborhoods surrounding them. Consequently, the commission decided to separate adult-use businesses from areas children and other vulnerable people may frequent. The commission also decided to separate adult-use businesses to prevent a decrease in the value and marketability of the land adjacent to adult-use businesses. Thus, the policy underlying the ordinance was to preempt any negative secondary effects

caused by adult-use businesses to protect adjacent residential neighborhoods.

The Minnesota Supreme Court has held that the word "and" may be construed as a disjunctive to assure the result intended by the legislature. *Maytag Co. v. Comm'r of Taxation,* 218 Minn. 460, 463, 17 N.W.2d 37, 39 (1944). Here, construing "and" as a disjunctive is appropriate. The commission clearly stated the purpose behind the ordinance, protecting adjacent neighborhoods from the adverse secondary effects of adult-use businesses. A conjunctive reading of "and" would guarantee the absurd result that as long as a business is not showing female nudity *and* human male genitals simultaneously, there is no adult use. This interpretation of the ordinance is not reasonable and is an utter departure from the purpose of the ordinance.

Appellant also contends that a penal statute or ordinance must be construed strictly against the state and in favor of the individual. But statutes intended for the protection of the public are remedial in nature and are to be liberally construed to that end. *Szczech v. Comm'r of Pub. Safety,* 343 N.W.2d 305, 306 (Minn.App.1984). The ordinance at issue is not a penal ordinance. Rather, section 7.10.2 prohibits adult uses within 500 feet of a residential area and therefore remedies the secondary effects of adult uses on adjacent residential neighborhoods. We thus conclude that appellant's business is an adult use under the ordinance.

## II.

■ "Evaluating a statute's constitutionality is a question of law." *Hamilton v. Comm'r of Pub. Safety,* 600 N.W.2d 720, 722 (Minn.1999) (citations omitted). Accordingly, this court "is not bound by the lower court's conclusions." *In re Blilie,* 494 N.W.2d 877, 881 (Minn.1993) (quoting *Sherek v. Indep. Sch. Dist. No. 699,* 449 N.W.2d 434, 436 (Minn.1990)).

■ Appellant argues that Minn.Stat. § 394.21, subd. 1a, is unconstitutional under the First Amendment because the Minnesota legislature failed to make findings of adverse secondary effects when it enacted the statute. Minn.Stat. § 394.21, subd. 1a, states that

> a county, regardless of population, * * * must not enact, amend, or enforce an ordinance providing for the elimination or termination of a use by amortization which use was lawful at the time of its inception. *This subdivision does not apply to adults-only bookstores, adults-only theatres, or similar adults-only businesses, as defined by ordinance.*

(Emphasis added.) Benton County Development Code § 7.10.3 contains an amortization clause making nonconforming adult uses unlawful as of July 31, 1998.

The Eighth Circuit recently decided this precise issue in *Jake's Ltd., Inc. v. City of Coates,* 284 F.3d 884 (8th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 413, —— L.Ed.2d —— (2002). In that case, the owner of a nude-dancing establishment challenged the constitutionality of Minn. Stat. § 462.357, subd. 1c (2000). This statute is included in the Municipal Planning Act and contains language identical to the statute at issue here. The Eighth Circuit clearly rejected the argument that the statute was unconstitutional because the legislature failed to study secondary effects. Specifically the court in *Jake's* determined that:

> This argument is without merit. We have repeatedly upheld amortization provisions requiring nonconforming adult entertainment businesses to relocate as part of a municipality's valid time, place, and manner regulation of such businesses. [citations omitted]

Here, the state statute merely authorizes municipalities to amortize nonconforming sexually oriented businesses. The relevant question is whether a municipality's use of that authority complies with the City of Renton standards. The State of Minnesota was under no constitutional obligation to study secondary effects in the abstract before granting this authority to local government bodies.

*Id.* at 889. The court went on to specifically hold that "the state statute permitting amortization of 'adults-only' businesses is valid under deferential rational-basis review." *Id.* We agree.

We have already held that the county ordinance involved in this case passes constitutional muster under the City of Renton standards as a valid time, place, and manner regulation. *See Kismet,* 617 N.W.2d at 93–95. Because we agree with the Eighth Circuit that the Minnesota legislature did not have a constitutional obligation to study secondary effects before granting amortization authority to local government bodies, we conclude that Minn.Stat. § 394.21, subd. 1a, is constitutional.

■ Appellant contends that the decision in *Jake's* has been overruled by a more recent Supreme Court opinion. *See City of Los Angeles v. Alameda Books,* 535 U.S. 425, 122 S.Ct. 1728, 152 L.Ed.2d 670 (2002) (plurality opinion). We disagree. The ordinance at issue in *Alameda Books* prohibited "the establishment or maintenance of more than one adult entertainment business in the same building, structure or portion thereof." *Id.* at 1731. The Supreme Court determined that the Alameda ordinance governs the location of adult entertainment businesses and is subject to analysis under *City of Renton v. Playtime Theatres Inc.,* 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986). *Id.* at

1734. The state statute at issue here does not dictate the location of adult-use businesses. It grants municipalities the authority to use amortization as a tool in their planning and zoning. In fact, "[i]n Minnesota, * * *, a municipality has no inherent power to enact zoning regulations." *Costley v. Caromin House, Inc.,* 313 N.W.2d 21, 27 (Minn.1981). "It is fundamental that a municipality's power to regulate land use by zoning exists by virtue of authority delegated to it by the state." *Denney v. City of Duluth,* 295 Minn. 22, 26, 202 N.W.2d 892, 894 (1972) (citing 8 McQuillin, Municipal Corporations (3rd ed.) § 25.35). Because Minn.Stat. § 394.21, subd. 1a, is not a content-neutral zoning regulation, the plurality opinion in *Alameda Books* is not controlling.

■ Additionally appellant argues that King's is not a "similar adults-only" business under section 394.21, subdivision 1a, because the legislature did not consider empirical evidence indicating that adult uses cause adverse secondary effects when it enacted the statute that uses the phrase. The Eighth Circuit Court of Appeals also addressed whether a nude-dancing establishment qualifies as a "similar adults-only" business under language identical to the language of Minn.Stat. § 394.21, subd. 1a. *See Jake's,* 284 F.3d at 889. In *Jake's,* the Eighth Circuit concluded that this argument "is contrary to the plain language of the statute * * *." *Id.* Further, the court pointed out that Jake's attempted to avoid the issue of statutory construction by arguing that there is "no 'constitutional basis' for classifying Jake's as similar to an adults-only business * * *." *Id.* Likewise in this case, appellant makes no attempt to persuade this court that the statute has any alternative constructions. The statute at issue clearly allows counties to reasonably define the term "similar adults-only businesses." Be-

cause the language of the statute is clear and appellant offers no alternative constructions, we conclude that King's qualifies as a "similar adults-only" business under Minn.Stat. § 394.21, subd. 1a.

## DECISION

Appellant's business, King's on the Lake, qualifies as an "adult use" under the Benton County Development Code. The Minnesota legislature had no constitutional obligation to study adverse secondary effects prior to enacting Minn.Stat. § 394.21, subd. 1a, and appellant's business qualifies as a "similar adults-only" business under section 394.21, subdivision 1a.

**Affirmed.**