Charles J. BENDORF, petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. A05–1484.

Court of Appeals of Minnesota.

April 18, 2006.

Stefan A. Tolin, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, Jeffrey F. Lebowski, Sean R. McCarthy, Peter D. Magnuson, Assistant Attorneys General, St. Paul, MN, for respondent.

Considered and decided by MINGE, Presiding Judge; TOUSSAINT, Chief Judge; and RANDALL, Judge.

## OPINION

TOUSSAINT, Chief Judge.

Appellant Charles J. Bendorf challenges the district court's order sustaining the revocation of his driver's license on the ground that he is entitled to a rescission of the revocation. Because the remedy for scheduling the revocation hearing under a statutory provision subsequently declared unconstitutional is not a rescission but a stay of revocation, we affirm.

## FACTS

Minn.Stat. § 169A.53, subd. 3(a) (2002), provided that a judicial-review hearing of a driver's-license revocation "must be held at the earliest practicable date, and in any event no later than 60 days following the filing of the petition for review." In 2003, the legislature amended the statute to eliminate the requirement that hearings be

held within 60 days after the filing of a petition for review (the 2003 amendment). *See* 2003 Minn. Laws 1st Spec. Sess. ch. 2, art. 9, § 13, at 1451 (codified at Minn.Stat. § 169A.53, subd. 3(a) (2004)).

On March 13, 2005, appellant was arrested for DWI. His license was revoked, and, on March 21, 2005, he petitioned for judicial review of the revocation. The district court issued an order temporarily reinstating appellant's driver's license pending the supreme court's release of *Fedziuk v. Comm'r of Pub. Safety,* 696 N.W.2d 340 (Minn.2005), which would address the constitutionality of the 2003 amendment. *Fedziuk* was released on May 19, 2005; it held that the 2003 amendment was unconstitutional and revived Minn.Stat. § 169A.53, subd. 3(a) (2002), the pre-2003 version of the statute.

The hearing on appellant's license revocation was held on June 23, 2005, more than 60 days after March 21, 2005, when appellant's petition for judicial review was filed. On July 8, 2005, the district court issued an order sustaining the revocation. Appellant challenges that order.

## ISSUE

■ Is appellant entitled to rescission of the revocation of his driver's license because the hearing on the revocation was scheduled under a statutory provision later declared unconstitutional?

## ANALYSIS

The facts in this case are not disputed. The application of law to undisputed facts is a question of law, which this court reviews de novo. *Morton Bldgs., Inc. v. Comm'r of Revenue,* 488 N.W.2d 254, 257 (Minn.1992).

On March 21, 2005, when appellant petitioned for judicial review of the revocation of his driver's license, the governing statute provided no time period for conducting the review hearing, and the supreme court was considering the constitutionality of the absence of a statutory time period. *See* Minn.Stat. § 169A.53, subd. 3(a) (2004); *see also Fedziuk v. Comm'r of Pub. Safety,* 696 N.W.2d 340 (Minn.2005). Before the scheduled hearing on appellant's revocation, the supreme court held that the absence of a statutory time period was unconstitutional and revived the previous version of the statute, which provided a 60-day time period. *Fedziuk,* 696 N.W.2d at 348-49. Appellant argues that, because *Fedziuk* declared unconstitutional the statutory provision under which his hearing was scheduled, he is entitled to a rescission of the revocation. *Fedziuk* refutes this argument.

*Fedziuk* states that, because the 2003 amendment was declared unconstitutional, "it is not a law and it is as inoperative as if it had never been enacted. . . . [T]he version of the Implied Consent Law that is revived is the version that existed immediately prior to the 2003 amendments." *Id.* at 349. That version, Minn.Stat. § 169A.53, subd. 3(a) (2002), provides that a judicial review "hearing [of a driver's license revocation] must be held at the earliest practicable date, and in any event no later than 60 days following the filing of the petition for review." Minn.Stat. § 169A.53, subd. 2(c) (2002), provides a remedy if the hearing is not conducted within 60 days: "The reviewing court may order a stay of the balance of the revocation."

■ This language, in the 1982 version of the statute, was construed in *Szczech v. Comm'r of Pub. Safety,* 343 N.W.2d 305 (Minn.App.1984):

Minn.Stat. § 169.123(6) (1982), which requires that implied consent hearings "shall be held . . . no later than 60 days

following the filing of a petition for review," is directory, not mandatory.

. . . .

If the hearing is not held within 60 days the driver has a remedy: a stay of the revocation which provides a method of reinstating the *Status Quo Ante* until the matter may be resolved on the merits.

*Id.* at 305–06, 309. Thus, the remedy for not providing a hearing within 60 days is not a rescission of the revocation but rather a stay of the revocation. Appellant availed himself of that remedy: his revocation was stayed shortly after he filed his petition for judicial review, and the stay remained in effect until the matter was resolved on the merits. Appellant had the stay to which he was entitled; he is not entitled to a rescission.[1]

■ Appellant argues that he was prejudiced because the temporary revocation could have been used to enhance his sentence if he had been arrested for DWI again prior to the hearing. *See* Minn.Stat. § 169A.24 (2004) (first-degree driving while impaired includes violation committed "within ten years of the first of three or more qualified prior impaired driving incidents"); Minn.Stat. § 169A.03, subd. 22 (2004) ("[q]ualified prior impaired driving incident" includes "prior impaired driving-related losses of license"); Minn.Stat. § 169A.03, subd. 21 (2004) ("Prior impaired driving-related loss of license" includes revocation of license under the implied consent law). But

> [d]efendants may challenge an enhancement provision in a criminal statute when the provision is applied against them. Until that time, they cannot show any direct and personal harm resulting from the criminal enhancement

provision, and their challenge is premature. Consequently, drivers in the implied consent proceedings do not have standing to challenge the effect of the revocation on a possible future DWI charge.

*Nordvick v. Comm'r of Pub. Safety,* 610 N.W.2d 659, 663 (Minn.App.2000) (citations omitted). Appellant lacks standing to make this argument.

## DECISION

Because the remedy for scheduling the hearing on a driver's license revocation under a statutory provision that was subsequently declared unconstitutional is not a rescission but a stay of the revocation, we affirm the district court's order sustaining the revocation of appellant's license.

**Affirmed.**

RANDALL, J. (concurring specially).

I concur in the result that the majority correctly traced the history of the "sixty-day rule." And the majority correctly points out that if the driver does not get the hearing within 60 days the revocation is not automatically rescinded but instead the driver can file a petition for judicial review, ask for a stay, and the stay will then remain in force until the matter is resolved on the merits.

I suggest that one legislative change is needed. Under the current law, the driver has to retain an attorney (or try to navigate between Scylla and Charybdis appearing pro se), and that takes time, days, or weeks and the cost of time and money to make a routine motion for relief, to which the driver is entitled. That is to the prejudice of the driver, and it is because the state did not follow the direction of the law to conduct the hearing within 60 days.

---

1. Given *Fedziuk*'s reinstatement of the statutory language construed by *Szczech,* we see no merit in appellant's argument that *Szczech* was "implicitly overruled" by *Fedziuk.*

The importance of the 60 days cannot be denied. The Minnesota Supreme Court addressed delays by the state in *Fedziuk v. Comm'r of Pub. Safety*, 696 N.W.2d 340 (Minn.2005) and flat out declared the elimination of that requirement unconstitutional.

The legislative change needed is simple. The law should state that at midnight on the 60th day, the rescission is automatically stayed without any further action needed by the driver. If the driver is picked up one minute after midnight that morning his license will show rescinded but he is guaranteed a free "pass" when he does have to go to court.

With that provision in place, the state can take whatever time it thinks it needs to get its act in order, and the driver, although not likely to be happy about the initial rescission, now has the satisfaction of knowing he is perfectly legal, without more, after the passage of 60 days. This removes the affirmative burden on the driver to go into court and ask for what we know he is retroactively entitled to.

Put another way, why does the driver have the affirmative burden of seeking what is his? Why is the burden not on the state if it chooses to oppose the stay, to affirmatively have to go to the court on motion and bear the burden of persuasion as to why the rescission should not have been automatically lifted at midnight of the 60th day?